UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| | |
|---|---|
| HealthPRO Heritage, LLC, and Rehab Solutions (North Carolina), LLC, | )<br>)<br>) |
| Plaintiffs, | )<br>) |
| v. | ) Case No. 1:19-cv-143<br>)<br>) NON-JURY |
| Health Services Manchester, LLC, d/b/a Horizon Health & Rehab Center; Knoxville Healthcare, LLC, d/b/a Westmoreland Health and Rehab; Benchmark Healthcare of Dane County, Inc. d/b/a Heartland Country Village; Madisonville Healthcare, LLC, d/b/a Madisonville Health and Rehab; Waynesboro Healthcare, LLC, d/b/a Waynesboro Health and Rehab Center; Hidden Acres Healthcare, LLC, d/b/a Mt. Pleasant Health and Rehab Center; and Health Services Management Group, LLC, | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |
| Defendants. | )<br>) |

## **COMPLAINT**

COME NOW Plaintiffs, HealthPRO Heritage, LLC, and Rehab Solutions (North Carolina), LLC (collectively, "Heritage" or "Plaintiffs"), by and through counsel, and for their Complaint against the Defendants, Health Services Manchester, LLC, d/b/a Horizon Health & Rehab Center; Knoxville Healthcare, LLC, d/b/a Westmoreland Health and Rehab; Benchmark Healthcare of Dane County, Inc., d/b/a Heartland Country Village; Madisonville Healthcare, LLC, d/b/a Madisonville Health and Rehab; Waynesboro Healthcare, LLC, d/b/a Waynesboro Health and Rehab Center; Hidden Acres Healthcare, LLC, d/b/a Mt. Pleasant Health and Rehab

Center; and Health Services Management Group, LLC (collectively, the "Defendants"), allege and state as follows:

## I. THE PARTIES

1. Plaintiff HealthPRO Heritage, LLC, is a limited liability company formed in South Carolina, with its principal office located at 307 International Circle Suite 100, Hunt Valley, Maryland 21030. The sole member of HealthPRO Heritage, LLC, is a resident and citizen of the State of Delaware.

2. Plaintiff Rehab Solutions (North Carolina), LLC, is a limited liability company formed in North Carolina, with its principal office located at 536 Old Howell Road, Greenville, South Carolina 29615. The sole member of Rehab Solutions (North Carolina), LLC, is a resident and citizen of the State of Delaware. Rehab Solutions (North Carolina), LLC, is successor-in-interest under the Service Agreements (as defined *supra*) and Settlement Agreements (as defined *supra*) to Rehab Solutions, Inc., a terminated Tennessee corporation.

3. Defendant Health Services Manchester, LLC, d/b/a Horizon Health & Rehab Center is a non-profit Tennessee limited liability company. Upon information and belief, the sole member of Health Services, Manchester, LLC, is a resident and citizen of the State of Tennessee.

4. Defendant Knoxville Healthcare, LLC, d/b/a Westmoreland Health and Rehab, is a non-profit Tennessee limited liability company. Upon information and belief, the sole member of Knoxville Healthcare, LLC is a resident and citizen of the State of Tennessee.

5. Defendant Benchmark Healthcare of Dane County, Inc. d/b/a Heartland Country Village, is a Wisconsin non-stock corporation with its principal address listed as 114 Stuart Road NE # 305, Cleveland, Tennessee 37312-4803.

6. Defendant Madisonville Healthcare, LLC, d/b/a Madisonville Health and Rehab, is a Tennessee non-profit limited liability company. Upon information and belief, the sole member of Madisonville Healthcare, LLC is a resident and citizen of the State of Tennessee.

7. Defendant Waynesboro Healthcare, LLC, d/b/a Waynesboro Health and Rehab Center, is a non-profit Tennessee limited liability company. Upon information and belief, the sole member of Waynesboro Healthcare, LLC, is a resident and citizen of the State of Tennessee.

8. Defendant Hidden Acres Healthcare, LLC, d/b/a Mt. Pleasant Health and Rehab Center, is a non-profit Tennessee limited liability company. Upon information and belief, the sole member of Hidden Acres Healthcare, LLC, is a resident and citizen of the State of Tennessee.

9. Defendant Health Services Management Group, LLC, is a Tennessee limited liability company. Upon information and belief, the two members of Health Services Management Group, LLC, are residents and citizens of the State of Tennessee.

10. The registered agent for each of the Defendants, except Benchmark Healthcare of Dane County, Inc., d/b/a Heartland Country Village, is Thomas D. Johnson, 485 Central Avenue NE, Cleveland, Tennessee 37311-5541.

11. The registered agent for Defendant, Benchmark Healthcare of Dane County, Inc., d/b/a Heartland Country Village, is CT Corporation System, is 301 S. Bedford Street, Suite 1, Madison, Wisconsin 53703.

12. The principal place of business for each of the Defendants, except Benchmark Healthcare of Dane County, Inc., d/b/a Heartland Country Village, is 485 Central Avenue, Cleveland, Tennessee 37311-5541.

13. The principal place of business for Defendant, Benchmark Healthcare of Dane County, Inc., d/b/a Heartland Country Village, is 114 Stuart Road NE, 305 Cleveland, Tennessee 37312.

## II. JURISDICTION AND VENUE

14. This Court has personal jurisdiction over the Defendants because they reside and regularly transact business within the State of Tennessee.

15. This Court has subject matter jurisdiction to entertain this action under 28 U.S.C. § 1332, because there is complete diversity of citizenship between Plaintiffs and Defendants (collectively, the "Parties"), and the amount in controversy exceeds the sum of $75,000.00, exclusive of interest and costs.

16. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(2), because a substantial part of the events or omissions giving rise to the claim occurred in this judicial district.

17. This matter is appropriate for a bench trial in that Defendants waived their right to a jury trial by virtue of the Settlement Agreements (as defined *supra*).

## III. FACTS

18. Plaintiffs and Defendants entered into Service Agreements along with amendments thereto (collectively the "Service Agreements") pursuant to which Plaintiffs provided rehabilitation therapy services ("Services") to the facilities owned and operated by Defendants (collectively, the "Facilities").

19. Defendants were obligated to compensate Plaintiffs for such Services provided under the Service Agreements.

20. Pursuant to that certain Settlement Agreement dated April 5, 2017 ("Settlement Agreement"), the Defendants agreed that previously accrued indebtedness evidenced by the Service Agreements was in default, and that the default balance referenced in the Settlement Agreement is fully enforceable and is not subject to any defense or counterclaim, or to any claim of setoff, recoupment, offset or deduction. A true executed copy of the Settlement Agreement is attached as **Exhibit A** and incorporated herein by this reference.

21. Health Services Management Group, LLC ("Guarantor"), guaranteed the default balance ("Default Balance") in the Settlement Agreement.

22. Prior to April 19, 2018, Defendants defaulted on certain monthly payment required by the Settlement Agreement, among other defaults.

23. As such, on April 19, 2018, Plaintiffs filed a Complaint and Motion for Temporary Restraining Order and Request for Temporary Injunction as to the Defendants, among other entities, who defaulted under the Settlement Agreement (the "First Lawsuit").

24. On April 26, 2018, the Parties entered and the Court approved the entry of an agreed order (the "Agreed Order") whereby, among other things, the Parties agreed that Defendants were in default for certain indebtedness owed to Plaintiffs, and Defendants were required to pay a certain amount due from Defendant to Plaintiff. A true copy of the Agreed Order is attached as **Exhibit B** and incorporated herein by this reference.

25. On April 27, 2018, following the entry of the aforementioned Agreed Order, Plaintiffs submitted its Notice of Voluntary Dismissal with the Court as to the First Lawsuit.

26. Pursuant to the Settlement Agreement, the Agreed Order, and the Service Agreements, the Settlement Agreement remains in full force and effect following the dismissal of the First Lawsuit.

27. Plaintiffs have continued to provide current services to Defendants from January 1, 2019, through May 6, 2019, pursuant to the Service Agreements (the "<u>Current Services</u>"). True and correct copies of the Service Agreements are attached as **Exhibit C** and incorporated herein by this reference.

28. Pursuant to Section 3 of the Settlement Agreement, Defendants agreed to make timely payments to Plaintiffs for the Current Services invoices within sixty (60) days of the dates of the invoice.

29. Defendants failed to make payments to Plaintiffs under the Service Agreements for Current Services, thus defaulting under the respective Service Agreements as well as defaulting under the various Service Agreements.

30. Plaintiffs accelerated the Default Balance (as defined *supra*) pursuant to written Demand Letters dated March 5, 2019 and May 3, 2019.

31. Despite written notices from Plaintiffs, Defendants did not and have not cured the default on the Current Services and the Default Balance remains outstanding.

32. Pursuant to the Settlement Agreement, upon Defendants' default and without further notice, the Defendants agreed that Plaintiffs are entitled to complete and file the Consent Judgment attached to the Settlement Agreement (the "<u>Consent Judgment</u>") with a court of competent jurisdiction, and to take any other actions necessary to enforce their rights.

33. Under the Settlement Agreement, each Defendant is jointly and severally liable for the Default Balance.

34. As of May 8, 2019, under the Current Services Agreement, Defendant, Health Services Manchester, LLC, d/b/a Horizon Health & Rehab Center, has a default balance of $73,962.78.

35. As of May 8, 2019, under the Current Services Agreement, Defendant, Knoxville Healthcare, LLC, d/b/a Westmoreland Health and Rehab has a default balance of $213,776.71.

36. As of May 8, 2019, under the Current Services Agreement, Defendant, Benchmark Healthcare of Dane County, Inc., d/b/a Heartland Country Village, has a default balance of $38,758.18.

37. As of May 8, 2019, under the Current Services Agreement, Defendant, Madisonville Healthcare, LLC, d/b/a Madisonville Health and Rehab, has a default balance of $113,440.13.

38. As of May 8, 2019, under the Current Services Agreement, Defendant, Waynesboro Healthcare, LLC, d/b/a Waynesboro Health and Rehab Center, has a default balance of $36,299.64.

39. As of May 8, 2019, under the Current Services Agreement, Defendant, Hidden Acres Healthcare, LLC, d/b/a Mt. Pleasant Health and Rehab Center, has a default balance of $57,267.05.

40. The combined default balance for the Defendants totals $533,504.79 (the "Default Balance").

41. Additional amounts due for Current Services provided continue to accrue for each Defendant and become due on owing under the Service Agreements and the Settlement Agreement on future dates, including but not limited to, May 30, 2019, June 30, 2019, and July 30, 2019.

42. Pursuant to Section 7 the Settlement Agreement and paragraph 10 of the Service Agreements, Plaintiffs are entitled to seek and Defendants shall pay Plaintiffs' reasonable attorneys' and legal expenses.

## V. FIRST CLAIM FOR RELIEF
### (Declaratory Judgment)

43. Plaintiffs re-allege and incorporate by reference the allegations contained in paragraphs 1 through 42.

44. The Settlement Agreement is a valid and enforceable contract, and sets forth the rights of Plaintiffs with regard to the agreed damages, judgment and award against the Defendants.

45. In final resolution of any controversy between Plaintiffs and Defendants relating to the Settlement Agreement, Plaintiffs are entitled to a declaration of their rights against Defendants as follows:

   (a) The Settlement Agreement is a valid contract, enforceable against Defendants in accordance with their respective terms;

   (b) Defendants are liable to Plaintiffs for the amounts stated in the Consent Judgment as completed by Plaintiffs;

   (c) Defendants have no claims, counterclaims, setoffs or defenses against Plaintiffs relating to the Settlement Agreement;

   (d) Plaintiffs are entitled to a judgment for the amounts set forth in the Consent Judgment as completed by Plaintiffs, in their favor against Defendants, with such Consent Judgment to accrue interest after entry at the maximum rate allowed by law until paid in full; and

   (e) Plaintiffs are entitled to judgment against Defendants for all of their attorneys' fees and costs associated with collecting the indebtedness, and enforcing the Settlement Agreement, all as to be shown by an affidavit of counsel for Plaintiffs to be filed with the Court.

WHEREFORE, Plaintiffs request that the Court enter an Order declaring that:

A. The Settlement Agreement is a valid contract, enforceable against the Defendants in accordance with their respective terms;

B. The Defendants are liable to Plaintiffs for the amounts set forth in the Consent Judgment as completed by Plaintiffs;

C. The Defendants have no claims, counterclaims, setoffs or defenses against Plaintiffs relating to the Settlement Agreement;

D. Plaintiffs are entitled to judgment and award of the amounts set forth in the Consent Judgment with interest to accrue after entry at the maximum rate allowed by law until paid in full;

E. Plaintiffs are entitled to judgment and award of all of their attorneys' fees and costs associated with collecting the default balance; and

F. Plaintiffs shall have and receive any other relief as may be granted by the Court.

## VI. SECOND CLAIM FOR RELIEF
### (Breach of Contract)

46. Plaintiffs re-allege and incorporate by reference the allegations contained in paragraphs 1 through 45.

47. Defendants have failed to make timely payments to Plaintiffs for current services provided to Defendants from January 1, 2019, through May 8, 2019, pursuant to a certain Services Agreement as required under the Settlement Agreement. Accordingly, Defendants have defaulted and are in material breach of the Settlement Agreement.

48. Because of Defendants' default, Plaintiffs have suffered damages.

WHEREFORE, Plaintiffs request that the Court enforce the Settlement Agreement, enter the Consent Judgment as completed by Plaintiffs in their favor and against Defendants, award Plaintiffs their reasonable attorneys' fees and costs associated with exercising their rights under the Settlement Agreement, and award such further and other relief as the Court may deem just and proper.

## VI. THIRD CLAIM FOR RELIEF
### (Breach of Contract)

49. Plaintiffs re-allege and incorporate by reference the allegations contained in paragraphs 1 through 48.

50. Defendants have failed to make timely payments to Plaintiffs for current services provided to Defendants from January 1, 2019, through May 8, 2019, pursuant to a certain Services Agreement ("Services Agreements") as required under those Service Agreements. Accordingly, Defendants have defaulted and are in material breach of the Service Agreements.

51. Because of Defendants' default, Plaintiffs have suffered damages.

WHEREFORE, Plaintiffs request that the Court enforce the Services Agreements, award Plaintiffs their attorneys' fees and costs associated with exercising their rights under the Services Agreement, and award such further and other relief as the Court may deem just and proper.

This the 10th day of May, 2019.

Respectfully submitted,

**HUSCH BLACKWELL LLP**

By: */s/ Michael K. Alston*
Michael K. Alston (TN BPR #013697)
Caleb T. Holzaepfel (TN BPR #033356)
Ariel M. Anthony (TN BPR # 034125)
736 Georgia Avenue, Suite 300
Chattanooga, Tennessee 37402
Telephone: (423) 266-5500
Facsimile: (423) 266-5499
michael.alston@huschblackwell.com
caleb.holzaepfel@huschblackwell.com
ariel.anthony@huschblackwell.com

*Counsel for HealthPRO Heritage, LLC, and Rehab Solutions (North Carolina), LLC*